IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALON BARZILAY,** *General Partner*, *trading as* **FITZWATER SANCTUARY, LP**, Plaintiff, | : : : : |
| v. | : Civ. No. 17-3360 |
| **CUSTOM AIR SERVICES, INC.,** Defendant. | : : : : |

**O R D E R**

On May 31, 2017, Plaintiff Alon Barzilay, the General Partner of Fitzwater Sanctuary, LP, filed this breach-of-contract action in Philadelphia Common Pleas Court, alleging that Defendant Custom Air Services failed properly to install the HVAC system in FSLP's apartment complex. (See Compl., Doc. No. 1, Ex. A.) Invoking diversity jurisdiction, Defendant removed on July 27, 2017. (Notice of Removal ¶¶ 4-7, Doc. No. 1.)

"[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). Accordingly, I "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see also Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003) ("[B]ecause subject-matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt.").

In its Notice of Removal, Defendant contends that this Court has diversity jurisdiction because "Plaintiff is the General Partner of Fitzwater Sanctuary, LP ("FSLP"), a limited partnership with an address of 2019 Chancellor Street, Philadelphia, PA 19103," and Defendant "is a Delaware corporation with an address of P.O. Box 652, Dover, DE 19903." (Notice of

Removal ¶¶ 5-6.)

"Partnerships and other unincorporated associations, however, unlike corporations, are not considered 'citizens' as that term is used in the diversity statute." Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 183 (3d Cir. 2008).  For diversity purposes, "[t]he state of organization and the principal place of business of an unincorporated association are legally irrelevant." Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015); see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 n.1 (2005) ("We note, however, that our prior decisions do not regard as relevant to subject-matter jurisdiction the locations at which partnerships conduct business.").  Rather, "in the context of partnerships, the complete diversity requirement demands that all partners be diverse from all parties on the opposing side." Swiger, 540 F.3d at 183 (3d Cir. 2008); see also Carden v. Arkoma Assocs., 494 U.S. 185, 192 (1990) ("We have never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members."); id. at 195-96 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.  We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,' 'the several persons composing such association,' [and] 'each of its members.'" (citations omitted)).

In invoking diversity jurisdiction, Defendant alleges only FSLP's address.  (Notice of Removal ¶ 5.)  Defendant has not identified the citizenship of Plaintiff's partners, nor has it alleged that it does not share citizenship with any of Plaintiff's partners.  See Lincoln Ben. Life Co., 800 F.3d at 107-08 (party may plead complete diversity "by alleging that none of the . . . association's members [is a] citizen[] of [party's] state . . . even if it is not certain of the

association's membership").

Defendant has thus failed to set forth grounds constituting complete diversity. <u>See</u> 28 U.S.C. §1446(a); <u>Lincoln Ben. Life Co.</u>, 800 F.3d at 107 n.30. Accordingly, I lack subject-matter jurisdiction, and must remand. <u>See</u> 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); <u>Johnson v. SmithKline Beecham Corp.</u>, 724 F.3d 337, 346 (3d Cir. 2013) ("The removal statute should be strictly construed and all doubts resolved in favor of remand." (quoting <u>Brown v. Francis</u>, 75 F.3d 860, 864-65 (3d Cir. 1996))).

*   *   *

**AND NOW**, this 28th day of July, 2017, it is hereby **ORDERED** that this case is **REMANDED** to Philadelphia County Common Pleas Court for lack of subject-matter jurisdiction. The Clerk of Court shall **CLOSE** this case.

**AND IT IS SO ORDERED**.

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.